HON. ISAAC F. REDFIELD, ⎱ ASSISTANT JUDGES.
HON. DANIEL KELLOGG, ⎰

---

## STATE *v.* LUCIA NEVINS.

*Forgery. Definition of " order."*

A request in writing to pay money, or other things, upon the credit of the drawer, although to be carried by the payee, as the mere servant of the drawer, to the drawer, or to be applied to his use, is an *" order,"* within the meaning of the statute defining the crime of forgery.

INDICTMENT for forgery. It was alleged, that the respondent forged a certain order, drawn on one Harvey C. Babcock, for the sum of $100,00, purporting to have been signed by one George Rogers, which was set forth in the indictment, and was in these words:—" Mr. Babcock : Can you let me have one hundred dollars,

" on interest, one month? I have got considerable money to make,
" out next week. If you can't let me have so much, let me have
" what you can. I send this line by my daughter. Please send the
" money the same way. (Signed) George Rogers, Cabot, Ver-
" mont." In the first count the intent of the respondent was alleged
to have been to defraud Babcock; and the second count differed only
from the first in alleging the intent to have been to defraud Rogers.
To this indictment the respondent demurred.

The county court, June Term, 1851,—POLAND, J., presiding,—
overruled the demurrer; to which decision the respondent excepted.

*Peck & Colby* for respondent.

The instrument set out in the indictment is not within any of the
subjects of forgery named in the statute. Rev. St. 434. It is not a
" writing obligatory," " letter of attorney," " bill of exchange,"
" promissory note," or " order drawn on any person." It is a mere
letter of inquiry, asking for the loan of money, and is no more the
subject of forgery, than a dunning letter. It imports no promise, it
certifies no fact, it conveys no order, but is, of itself, a mere petition.
It is described as an order; but an order is a direction to pay to
some person named, and expresses, or implies, value received.

The opinion of the court was delivered by

REDFIELD, J. This is a demurrer to an indictment for forgery,
predicated upon a certain writing set forth, *in hæc verba*, in usual
form, in the bill. The only question made in regard to the suffi-
ciency of the indictment is, whether the writing comes within the
description, or denomination, used in the statute.

If it is any thing, it is either an inland bill of exchange, or an or-
der for money, drawn on the person named. The principal reason
urged, why the thing is not an order, is, that its terms are not im-
perative, but altogether precatory,—that it is not the language of
one, claiming to have funds in the hands of the person addressed;
and this is undoubtedly true. But it is to be borne in mind, that an
inland bill, or order, does not in any sense lose its character, be-
cause it is drawn without funds. If drawn upon credit, when the
party has the right to draw, it is the same, and the drawer is equally
entitled to notice of dishonor.

State *v.* Nevins.

But it is evident in this case, that the person named as payee, so to speak, was not expected to protest the paper, or give notice of non-payment, in short, that there was no debt due to the person named, and that the paper did not contemplate the payment to the person named in the paper, for him to keep, as his own money; so that the paper is not an inland bill of exchange.

The word " order " is more commonly understood as something in the nature of a bill, payable in money, or something else. But we think the term is also understood in a more extensive sense, and does include a direction, or request, to pay over money, or other things, upon the credit of the drawer, although to be carried by the payee, as the mere servant of the drawer, to him, or to be applied to his use.

This paper seems to us to be an order drawn by George Rogers upon Mr. Babcock for one hundred dollars, or less, to be delivered to the drawer's daughter, upon the credit and for the benefit of the drawer. This evidently implies, that it is a matter resting altogether in credit. It is a request virtually to loan one hundred dollars, or less, to the signer; but nevertheless it seems to us the same, in essence, as an order for money drawn on the credit of the drawer.

We do not think the fact, that the paper is a mere request, instead of a command, is sufficient to determine its character. Even foreign bills of exchange are not unfrequently drawn in the form of of a request, and would naturally always be so drawn, when done merely upon credit.

We think the indictment sufficient, and award a *respondeat ouster*, and the case is remanded to the county court for trial. And this we do, so far as I am concerned, without any intention to absolutely preclude the party from her motion in arrest, if she should be convicted. We are not prepared, without argument, to settle the construction of so important a statute.